1
2
3
4

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO <u>PETITIONER</u>*
AT HIS RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED:  July 22, 2014

*J. Gomez* DEPUTY CLERK

5
6
7

8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10      EASTERN DIVISION

11

12   ROBERT FOSTER,                          )   Case No. EDCV 14-01445 CAS (AN)
                                             )
13                Petitioner,                )   **ORDER TO SHOW CAUSE RE**
                                             )   **DISMISSAL OF PETITION FOR**
14        v.                                 )   **WRIT OF HABEAS CORPUS BY A**
                                             )   **PERSON IN STATE CUSTODY AS**
15   DEPARTMENT OF CORRECTIONS,              )   **TIME-BARRED**
                                             )
16                Respondent.                )
                                             )
17   _____      )
                                             )
18

19                          **I. BACKGROUND**

20          Before the Court is a petition for writ of habeas corpus by a person in state

21   custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Robert Foster

22   ("Petitioner"), a state prisoner proceeding *pro se*. The Petition raises one claim

23   challenging Petitioner's Three Strikes sentence of forty-five years to life following a

24   jury trial in the California Superior Court for Riverside County (case no. RIF085673).

25   Petitioner was convicted of two counts of robbery, with firearm and prior conviction

26   enhancements.

27          For the reasons set forth below, Petitioner is ordered to show cause why his

28   Petition should not be dismissed with prejudice because it is time-barred.

1

2    **II. DISCUSSION**

3    **A.    Standard of Review**

4           Rule 4 of the Rules Governing Section 2254 Cases in the United States District

5    Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly

6    examine" a habeas petition and "[i]f it plainly appears from the petition and any

7    attached exhibits that the petitioner is not entitled to relief in the district court, the

8    judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule

9    72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a

10   petition for writ of habeas corpus, and if it plainly appears from the face of the petition

11   and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate

12   Judge may prepare a proposed order for summary dismissal and submit it and a

13   proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely

14   habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate

15   notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126

16   S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

17   **B.    Statute of Limitations**

18          The Petition is governed by the Antiterrorism and Effective Death Penalty Act

19   of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

20   prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the

21   limitations period is triggered by "the date on which the judgment became final by

22   conclusion of direct review or the expiration of the time for seeking such review." 28

23   U.S.C. § 2244(d)(1)(A).

24   ///

25   ///

26   ///

27   ///

28   ///

1    The Petition and Petitioner's relevant state court records[1/] establish the following

2    facts. Petitioner was sentenced for the above offenses on April 21, 2000. On April 25,

3    2001, the California Court of Appeal affirmed the judgment (case no. E027127). The

4    California Supreme Court then denied review of the court of appeal's decision on

5    August 8, 2001 (case no. S098033). Petitioner does not allege, and it does not appear,

6    that he filed a petition for certiorari in the United States Supreme Court. (Pet. at 2;

7    attachments [2]; state court records; *see also* Supreme Court Docket, available on the

8    Internet at http://www.supremecourt.gov/docket.)

9    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment

10   became final on November 6, 2001, the ninetieth day after the state high court denied

11   his petition for review and the last day for him to file a petition for certiorari with the

12   Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of

13   limitations then started to run the next day, on November 7, 2001, and ended on

14   November 7, 2002. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d

15   1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the

16   triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his

17   pending Petition until July 10, 2014 -- 4,263 days after the expiration of the limitations

18   period.[2/] Accordingly, absent some basis for a considerable amount of tolling or an

19   _____

20   [1/]   The Court takes judicial notice of Internet records relating to this action in

21   the Riverside Superior Court (available at http://public-access.riverside.courts.ca.gov),
     and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov)

22   ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal

23   courts may take judicial notice of related state court documents), *overruled on other
     grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

24

25   [2/]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
     is deemed to be filed on the date the prisoner delivers the petition to prison authorities

26   for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

27   (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
     3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,

28                                                                              (continued...)

1   alternative start date to the limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D),

2   the pending Petition is time-barred.

3   **C.      Statutory Tolling**

4           AEDPA includes a statutory tolling provision that suspends the limitations

5   period for the time during which a "properly-filed" application for post-conviction or

6   other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7   *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8   Cir. 2005). An application is "pending" until it has achieved final resolution through

9   the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10  2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be

11  filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*,

12  321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

13  of the limitations period that has ended before the state petition was filed."); *see also*

14  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that

15  is filed following the expiration of the limitations period cannot toll that period because

16  there is no period remaining to be tolled.").

17          Petitioner's attachments and state court records establish that he has filed six

18  state habeas petitions which appear to be related to the conviction and sentence in case

19  no. RIF085673, two in the trial court (case nos. RIC1216842, RIC1303166), two in the

20  California Court of Appeal (case nos. E058653, E060862), and two in the California

21  Supreme Court (case nos. S116164, S211528). All six petitions were denied. However,

22  the first of those petitions (case no. S116164) was not filed until May 27, 2003, 201

23  days after AEDPA's limitations period expired on November 7, 2002. Further, none

24  of the other five petitions were filed prior to 2012. Thus, Petitioner is not entitled to

25  _____

26      [2]/   (...continued)

27  the Court finds Petitioner constructively filed the Petition by delivering it to the prison
    mail system on July 10, 2014, which is the date that was handwritten by a prison

28  official on the back of the envelope containing the Petition.

1   any statutory tolling. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

2       In his attached pages [2], Petitioner makes a perfunctory request for this Court

3   to find "that the time spent in state court was equitably tolled within the meaning of the

4   AEDPA." In light of the fact Petitioner has not alleged any facts that would qualify

5   him for equitable tolling (*see* section E, below) the Court construes his request as an

6   argument for *statutory* tolling and rejects it for the reasons set forth above.

7   **D.     Alternative Start of the Statute of Limitations**

8          **1.      State-Created Impediment**

9       In rare instances, AEDPA's one-year limitations period can run from "the date

10  on which the impediment to filing an application created by State action in violation

11  of the Constitution or laws of the United States is removed, if the applicant was

12  prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

13  the statute of limitations was delayed by a state-created impediment requires

14  establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

15  The Petition does not set forth any facts for an alternate start date of the limitations

16  period under this provision.

17         **2.      Newly Recognized Constitutional Right**

18      AEDPA provides that, if a claim is based upon a constitutional right that is

19  newly recognized and applied retroactively to habeas cases by the United States

20  Supreme Court, the one-year limitations period begins to run on the date which the

21  new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

22  The Petition does not set forth any facts for an alternate start date of the limitations

23  period under this provision.

24         **3.      Discovery of Factual Predicate**

25      AEDPA also provides that, in certain cases, its one-year limitations period shall

26  run from "the date on which the factual predicate of the claim or claims presented

27  could have been discovered through the exercise of due diligence." 28 U.S.C. §

28  2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition

1  does not set forth any facts for an alternate start date of the limitations period under this
2  provision.

3  **E.    Equitable Tolling**

4        AEDPA's limitations period "is subject to equitable tolling in appropriate
5  cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically,
6  "a litigant seeking equitable tolling bears the burden of establishing two elements: (1)
7  that he has been pursuing his rights diligently, and (2) that some extraordinary
8  circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.
9  1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

10       However, "[e]quitable tolling is justified in few cases" and "the threshold
11  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions
12  swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*
13  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we
14  do not require [the petitioner] to carry a burden of persuasion at this stage in order to
15  merit further investigation into the merits of his argument for [equitable] tolling," *Laws*
16  *v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply
17  developed, and where it indicates that the [alleged extraordinary circumstance did not]
18  cause the untimely filing of his habeas petition, a district court is not obligated to hold
19  evidentiary hearings to further develop the factual record, notwithstanding a
20  petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);
21  *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the
22  record is sufficient to permit the district court - and us on appeal - to evaluate the
23  strength of the petitioner's [equitable tolling] claim, the district court does not
24  necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
25  to 9th Cir. R. 36-3).

26       The Petition does not set forth any facts for equitable tolling.

27                              **O R D E R**

28       Based on the foregoing, the Court finds this action is untimely. Accordingly,

Petitioner shall have until **August 12, 2014**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: July 22, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE